JUDGMENT

This appeal was considered on the record from the agency and on the briefs and *449 the oral arguments of the parties. Although the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons stated below, it is
ORDERED and ADJUDGED that the petition for review of the Order be denied.
First, the petitioner had fair notice of the EPA’s interpretations of 40 C.F.R. §§ 761.3, 761.20, 761.65, and 761.72. The “most natural” reading of the text of each of those regulations, along with the related provisions in the Federal Register, provided such notice. See NetworkIP, LLC v. FCC, 548 F.3d 116, 123 (D.C.Cir.2008).
Second, the petitioner has not met the “demanding” standard for making out a claim either of selective or of vindictive prosecution. See, e.g., United States v. Armstrong, 517 U.S. 456, 463, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Regardless whether EPS and G & S were similarly situated, EPS has not shown the EPA lacked a rational basis for bringing an enforcement action against EPS but not against G & S, see 3883 Conn. LLC v. District of Columbia, 336 F.3d 1068, 1075 (D.C.Cir.2003), or that the EPA had an improper motive, such as suppressing the petitioner’s speech about G & S, see United States v. Mangieri, 694 F.2d 1270, 1273 (D.C.Cir.1982). Nor has EPS shown even a “reasonable likelihood of vindictiveness” on the part of the EPA. See Maddox v. Elzie, 238 F.3d 437, 446 (D.C.Cir.2001) (citing United States v. Goodwin, 457 U.S. 368, 373, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)).
Third, the conclusion of the Environmental Appeals Board that EPS was not acting as a “transfer facility” for the capacitors it was storing on July 9, 1999, see 40 C.F.R. § 761.3, was neither arbitrary nor capricious. Nor was the penalty of $133,100 imposed by the Board for EPS’s three violations of the Toxic Substances Control Act either “unwarranted in law” or “without justification in fact.” Pharaon v. Bd. of Governors, 135 F.3d 148, 155 (D.C.Cir.1998) (internal quotation marks omitted).
The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.